CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 01 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY L. HAIRSTON, ) | |
|     Plaintiff, ) | Civil Action No. 7:06-cv-00530 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ROANOKE CITY POLICE ) | |
| DEPARTMENT, et. al., ) | By: Hon. James C. Turk |
|     Defendant(s). ) | Senior United States District Judge |

Plaintiff Timothy L. Hairston, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Hairston alleges that officers from the Roanoke City Police Department used excessive force against him during an arrest and allowed a police dog to bite him repeatedly. He also alleges that the arrest and subsequent imprisonment to which he was subject were unlawful. Upon consideration of the complaint, the court finds that this action should be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as legally frivolous, because Hairston's claims are barred by the applicable statute of limitations.[1]

I.

Hairston alleges the following sequence of events from which his claims arise. One day in

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." A complaint is "frivolous" in this context if it has no arguable basis in fact or law at the time it is filed. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (finding that court may summarily dismiss civil rights action under former version of 28 U.S.C. § 1915 as frivolous when affirmative defense such as statute of limitations is clear from face of complaint). Thus, the finding that Hairston's complaint must be dismissed as legally frivolous does not imply that the court finds his factual allegations of race discrimination, excessive force, and false arrest and imprisonment to be frivolous or inaccurate.

1

late January 2004, Hairston left his cousin's house on Hanover Ave. N.W. in the city of Roanoke, Virginia, and was on his way to visit a friend who lived on Moorman Road, when he saw a police officer wave to him from a passing vehicle. Another police vehicle then nearly pinned Hairston against a building, and he dropped his bags and ran. Within minutes, police vehicles surrounded him. At that point, he stopped running and got down on his knees with his fingers laced behind his head, as he had been taught in the Army. Officers placed a handcuff on one of Hairston's wrists, and three or four officers had their knees in his back, pinning him to the concrete. Hairston's left arm was out-stretched and an officer kept it pinned to the ground with his knee. Hairston asked the officers if he was being arrested, and someone told him that they did not know yet.

After Hairston had been restrained in this manner for some time, Officer Hoover arrived with his police dog, a large "Rock Waller [sic]" named "Axcle." When Hoover let the dog go, it first bit a probation/parole officer at the scene. Then, Hoover brought the dog over where Hairston was pinned to the ground by the other police officers. The officers moved away, and Hoover "put" the dog on Hairston. To keep the dog from biting him in the face, Hairston brought his free arm forward. The dog bit Hairston's lower arm and wrist, puncturing the skin with its teeth. Hoover called the dog off, but then released it again and allowed it to bite Hairston a second and a third time on his upper arm.

Hairston pleaded with Hoover and the other officers to get the dog off of him, and they did. The nine or ten wounds in his arm bled profusely. Medical personnel came and wrapped his arm. He was then arrested, his wrists were cuffed together, and officers transported him to a hospital, where he received more medical attention. He was charged with possession of cocaine, resisting arrest, and absconding. He spent three weeks in jail on these charges, before being released on bond.

In May and July of 2004, all of the charges stemming from the January 2004 incident were dismissed for lack of evidence and improper arrest.[2] Although the bites did not break any bones, Hairston bears scars from the puncture wounds and alleges that his arm sometimes goes numb as a result of the attack. Hairston sues the officers involved for excessive force, race discrimination, false arrest, and false imprisonment.

II.

No federal statute of limitations applies in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occurred. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

The time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991). In Virginia § 1983 cases, then, if an inmate has not delivered his complaint to prison officials for

---

[2] Hairston filed this civil action while incarcerated on unrelated criminal charges.

3

mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Tolling of a statute of limitations for equitable reasons, or "equitable tolling," is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (citing Harris v. Hutcherson, 209 F.3d 325, 330 (4th Cir. 2000)). Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). Petitioner's lack of legal expertise or legal resources is not an excuse for delay sufficient to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512-13 (4th Cir. 2004).

### III.

After review of plaintiff's detailed factual contentions, it is the opinion of the court that plaintiff is barred under the statute of limitations from bringing suit under § 1983 concerning the allegations in his complaint. Hairston knew the facts necessary to bring all of his claims by July 2004 at the latest, when the final criminal charge stemming from the January 2004 arrest was dismissed. Yet, he did not sign and date his initial complaint until August 21, 2006.[3] Clearly, he filed the complaint more than two years after his claims accrued.

By order entered October 24, 2006, the court notified plaintiff that his complaint appeared to be untimely under the applicable statute of limitations and granted him an opportunity to submit any

---

[3] Hairston first submitted his allegations in the form of a letter that the court construed and filed as a civil rights complaint. The court then allowed Hairston ample opportunity to amend the complaint.

4

additional evidence or argument as to why he was unable to file his complaint within two years after the claims accrued. Hairston responded to this order, arguing that claims concerning racial violence by city police officers should be allowed to go forward at any time in the interest of justice. Hairston states that he was afraid to bring a civil suit about the January 2004 arrest until his other unrelated criminal charges in the city had been resolved; the latest sentencing on these other charges was in April 2006. He also claims that he tried for months to find an attorney to represent him in a civil suit against the police and the Commonwealth's Attorney, but could not find any local lawyer willing to handle such a case. In addition, he had trouble obtaining information from the hospital about the extent of his injuries stemming from the dog bites. Finally, Hairston asks the court to excuse his late filing of the complaint based on his lack of knowledge of federal and state law.

Under the cited Fourth Circuit precedents, the court cannot find that any of Hairston's explanations for the delay in filing provide sufficient grounds for invoking equitable tolling in this case. While fear and lack of legal knowledge and access to medical information no doubt made it more difficult for him to pursue legal action, none of the stated reasons prevented Hairston from filing a pro se civil suit to the court, as he did on August 21, 2006. Because he waited more than two years to file his complaint and because the court cannot find that equitable tolling is warranted, the court concludes that the action is barred under the applicable statute of limitations. As the court has determined that the statute of limitations unquestionably provides an affirmative defense to this action, the court may summarily dismiss the complaint as frivolous, pursuant to § 1915A(b)(1). See Todd, 712 F.2d at 74. Plaintiff's factual contentions are clearly no longer actionable under § 1983 and must be dismissed, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure ("Fed. R. App. P") by filing a notice of appeal with this court within thirty (30) days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Fed. R. App. P. 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of December, 2006.

/s/ James C. Turk
Senior United States District Judge